Electronically Filed - St Louis County - May 29, 2020 - 08:09 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| **JORDAN WARD**, | ) |
| | ) |
| Plaintiff, | )   Cause No. _____ |
| | ) |
| v. | )   Division No. \_\_\_ |
| | ) |
| **G4S SECURE SOLUTIONS** | ) |
| **(USA) INC.** | ) |
| Serve:  CSC-Lawyers | ) |
| Incorporating Service Company | ) |
| 221 Bolivar St. | ) |
| Jefferson City, MO 65101 | ) |
| | ) |
| and | ) |
| | ) |
| | )   Jury Trial Demanded |
| | ) |
| **JOHN DOE ENTITY** | ) |
| Hold Service | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

### PETITION FOR DAMAGES

COMES NOW Plaintiff and for his Petition for Damages against Defendants states:

### Nature of Action

1. This action is brought pursuant to the Missouri Human Rights Act (hereinafter MHRA), Chapter 213, RSMo. for race discrimination and retaliation, as well as RSMo. § 285.575 for whistleblowing.

### Parties

2. Plaintiff Jordan Ward is an individual over the age of 18 who was a Missouri resident during all times relevant.

1

3. Defendant G4S Secure Solutions, (USA) Inc., is a Florida corporation that provides security to businesses throughout the United States.

4. Defendant G4S Secure Solutions is located at 655 Craig Road, Creve Coeur, Missouri, 63141.

5. During all times relevant to this Petition, Defendant G4S Secure Solutions provided security to Mastercard located at 2200 Mastercard Blvd., O'Fallon, MO.

6. Defendant John Doe Entity A is a business entity, and pleading in the alternative and hypothetically, provides security to Mastercard at 2200 Mastercard Blvd., O'Fallon, Missouri.

7. At all times relevant, Plaintiff was an employee of Defendant G4S Secure Solutions and/or John Doe Entity A.

8. At all times relevant to this lawsuit, Defendant G4S Secure Solutions was an employer within the meaning of § 213.010(7) RSMo. of the MHRA because it employed more than 6 persons.

**Venue**

9. Venue is proper in St. Louis County because all of the events complained of herein occurred in St. Louis County, pursuant to RSMo. § 213.111.

**Procedural Prerequisites**

10. On or about July 31, 2019, Plaintiff timely submitted a charge of discrimination against Defendants with the Missouri Commission on Human Rights (MCHR), Charge No. 28E-2019-01412C, where he alleged Defendant unlawfully discriminated against him because of his race and in retaliation for complaining about a potentially dangerous coworker.

2

11. On or about March 2, 2020 the MCHR issued its Notice of Right to Sue, and Plaintiff instituted this action within 90 days of his receipt of the Notice of Right to Sue. (See Plaintiff's Exhibit 1 which is attached hereto and incorporated herein).

**Factual Allegations**

12. Plaintiff Ward is a black man.

13. During all times relevant, Plaintiff was employed as a security guard for Defendant G4S Secure Solutions and/or John Doe Entity.

14. During all times relevant, Plaintiff was assigned by Defendant G4S Secure Solutions to work at Mastercard.

15. During his employment, he was treated worse than white employees.

16. During his employment, Plaintiff was denied promotions that went to white employees who were less qualified.

17. In or about February 2019, Plaintiff learned that another security guard, David Hauck, a white male, had shot at a car that had an 11-month old child inside.

18. Hauck was a former Jennings police officer who resigned after shooting at a fleeing car with a baby inside.

19. Hauck was newly hired by Defendant.

20. Plaintiff reported this information about Hauck to his supervisors, including Brian Reddick.

21. Plaintiff was concerned about Hauck's fitness to be a security guard.

22. Plaintiff wanted to make sure that his supervisors were aware of Hauck's previous conduct, given his role at G4S Secure Solutions.

23. Plaintiff's supervisors did nothing to the white male who shot a gun at a car with a child inside.

24. Plaintiff was asked to come into a meeting on February 11, 2019 in Creve Coeur with his supervisors.

25. Plaintiff was reprimanded for telling his supervisors this information about Hauck.

26. Plaintiff was told he was being "childish" by Kevin Spacey, a supervisor at the Creve Coeur office.

27. Plaintiff was suspended on February 13, 2019 for reporting the information about Hauck.

28. Plaintiff was told he was going to be transferred to a different location but was instead terminated on May 7, 2019.

### Count I
### Violation of the Missouri Human Rights Act
### Race Discrimination

29. Plaintiff incorporates by reference the previous paragraphs and further alleges as follows:

30. Plaintiff is a black male and is therefore a member of a protected group.

31. Plaintiff suffered adverse employment action because of his race, including but not limited to failure to be promoted, suspension, and termination.

32. Plaintiff's race was a contributing and/or motivating factor in Defendants' decision to suspend and terminate him, for the following reasons, including, but not limited to:

4

   a. Plaintiff was passed over for promotions other white, less qualified workers received;

   b. Plaintiff was suspended and terminated for false and pretextual reasons, and for reasons other white employees were not terminated for.

33. Plaintiff was damaged by Defendants' actions.

34. Defendants' conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendants discriminated against Plaintiff based on race without just cause or excuse in violation of the Missouri Human Rights Act.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendants for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

## Count II
## RSMo. § 285.575

35. Plaintiff incorporates by reference the preceding paragraphs and further alleges as follows:

36. Plaintiff was employed by Defendant G4S Secure Solutions and/or John Doe Entity.

37. Plaintiff is a protected person under § 285.575.2(4) because he was "an employee of an employer who reports to his or her employer serious misconduct of the employer that violates a clear mandate of public policy as articulated in a constitutional provision, statute, or regulation promulgated under statute…"

38. Plaintiff reported to his supervisors the serious misconduct of Hauck and his employer's hiring and continued employment of this individual.

39. Hauck's conduct of shooting at a moving vehicle was unjustified force and use of a weapon, under both the U.S. Constitution and supporting case law, and the Missouri Constitution.

40. Shortly after reporting Hauck's conduct, Plaintiff was treated worse, suspended, and terminated.

41. Plaintiff's reporting of wrongdoing and violations of law were a contributing and/or motivating factor in Defendants' decision to discharge him.

42. Plaintiff was damaged as a result of Defendants' actions.

43. It is the public policy of Missouri to discourage individuals from using unjustified force.

44. Defendants' conduct of terminating Plaintiff's employment because he reported wrongdoing was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant intentionally terminated his employment without just cause or excuse because Plaintiff was exercising his rights under Missouri law, and such termination was in violation of the Missouri public policy.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendants for damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

# CONSTITUTIONAL CHALLENGE
## APPLICATION OF SENATE BILL 43, AND ANY PROVISIONS THEREIN, TO THIS CAUSE OF ACTION WOULD VIOLATE THE CONSTITUTION

45. Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein.

46. Senate Bill 43 and numerous particular provisions therein, which became effective on August 28, 2017, and which purport to apply to this case, violate the Missouri Constitution and are therefore invalid and without legal effect, as more fully discussed herein.

47. SB 43, which purports to limit plaintiff's relief under Missouri Human Rights Act (MHRA) cases, violates:

    a. Plaintiff's right to equal protection of the law, guaranteed by Article I, Section 2 of the Missouri Constitution, because:

        i. The cap on damages irrationally treats plaintiffs in MHRA cases differently than other tort cases; and

        ii. The cap on damages irrationally treats plaintiffs with severe injuries and large damages differently than those with little damages;

    b. Plaintiff's right to due process of law, guaranteed by Article I, Section 10 of the Missouri Constitution because it unreasonably deprives plaintiffs of full and fair compensation for their injuries.

    c. Plaintiff's right to a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution, because the statute fails to

provide a reasonable substitute for the damages denied to plaintiffs under the statute;

d. Plaintiff's right to a trial by jury, guaranteed by Article I, Section 22(a) of the Missouri Constitution, because the right to a trial by jury as provided for in the Constitution includes the right to have a jury determine all of plaintiffs' damages without interference by legislature;

e. The separation of powers, established by Article II, Section 1 of the Missouri Constitution, because it is within the fundamental and inherent function of the courts, not the legislature, to remit verdicts and judgments; and

f. The prohibition against special laws granting to any corporation, association or individual any special or exclusive right, privilege, or immunity, established by Article III, Section 40 (28) of the Missouri Constitution, because the cap (1) arbitrarily distinguishes between slightly and severely injured plaintiffs; (2) arbitrarily distinguishes between plaintiffs with identical injuries; (3) arbitrarily distinguishes between individual types of injuries; and (4) arbitrarily distinguishes between tortfeasors based on the number of employees they have.

48. SB 43, which purports to provide that the MHRA, the Workers' Compensation chapter, and the general employment law chapter, shall be the exclusive remedy for any and all claims for injury or damages arising out of the employment relationship, violates Plaintiff's right to a trial by jury, guaranteed by Article I, Section 22(a) of the Missouri Constitution, because the right to a trial by jury as provided for in the Constitution includes the right to have a jury determine all of plaintiffs' damages for

all possible claims without interference by legislature; Plaintiff's right to due process of law, guaranteed by Article I, Section 10 of the Missouri Constitution because it unreasonably deprives plaintiffs of full and fair compensation for their injuries; Plaintiff's right to a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution; and purports to limit Plaintiff's ability to bring Federal claims in state court, which violates the supremacy clause, Article VI of the U.S. Constitution.

49. Applying any aspects of SB 43 that are substantive retroactively to this claim would violate Article I, Section 13 of the Missouri Constitution.

50. The Missouri Attorney General has been served with a copy of this Petition pursuant to Missouri Rule 87.04 and Section 527.210, RSMo.

**WHEREFORE**, Plaintiffs ask for the Court to declare that Senate Bill 43 and its enacted statutory provisions are unconstitutional and therefore to apply the laws in effect before August 28, 2017 and to provide such other relief as this Court deems proper and just.

Respectfully submitted,

PONDER ZIMMERMANN LLC

By      /s/ Jaclyn Zimmermann
     Jaclyn M. Zimmermann, #57814
     jmz@ponderzimmermann.com
     Douglas Ponder, #54968
     dbp@ponderzimmermann.com
     20 S. Sarah
     St. Louis, MO 63108
     Phone:  314-272-2621
     Fax:  314-272-2713

Attorneys for Plaintiff Jordan Ward



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>STANLEY JAMES WALLACH | Case Number: 20SL-CC02968 |
|---|---|
| Plaintiff/Petitioner:<br>JORDAN WARD<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JACLYN ZIMMERMANN<br>20 SOUTH SARAH STREET<br>SAINT LOUIS, MO  63108 |
| Defendant/Respondent:<br> G4S SECURE SOLUTIONS (USA) INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** G4S SECURE SOLUTIONS (USA) INC.
**Alias:**

**CSC-LAWYERS INC SERV CO**
**221 BOLIVAR ST**
**JEFFERSON CITY, MO  65101**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
      **SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

**01-JUN-2020**
**Date**

_____
**Clerk**

**Further Information:**
**AD**

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server                                   Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*  Subscribed and sworn to before me on _____ (date).

My commission expires: _____     _____
                                   Date                                     Notary Public

**Sheriff's Fees, if applicable**
Summons                                         $_____
Non Est                                            $_____
Sheriff's Deputy Salary
Supplemental Surcharge      $_____10.00_____
Mileage                                           $_____  (_____ miles @ $._____ per mile)
**Total**                                             $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 20-SMCC-5052**     1     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                                                 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 20-SMCC-5052**     2     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73