# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JORDAN WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20CV891 JCH |
| | ) | |
| G4S SECURE SOLUTIONS (USA), INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant G4S Secure Solutions (USA), Inc.'s ("Defendant" or "G4S") Partial Motion to Dismiss Plaintiff's Complaint, filed July 13, 2020. (ECF No. 9). The motion is fully briefed and ready for disposition.

## BACKGROUND

At all times relevant to this action Plaintiff Jordan Ward, a Black man, was employed as a security guard for G4S and/or Defendant John Doe Entity A. (Petition for Damages (hereinafter "Complaint" or "Compl."), ¶¶ 7, 12-13).[1] Plaintiff was assigned by G4S to provide security services to Mastercard. (*Id.*, ¶¶ 5, 14).

As relevant here[2], Plaintiff claims that in or around February, 2019, he learned that a newly hired security guard, David Hauck, had resigned from his former employment as a Jennings, Missouri police officer, after shooting at a fleeing car that had an eleven month old

---

[1] It is not immediately clear to the Court why Plaintiff is unable to identify his former employer. As G4S admits that it was Plaintiff's employer (*see* Defendant's Answer, ¶ 13), the Court treats it as such for purposes of the present motion.

[2] In his Complaint, Plaintiff includes allegations of race discrimination. Defendant does not seek dismissal of those claims, and so the Court does not address them in this Order.

child inside. (Compl., ¶¶ 17-19). Plaintiff claims he reported this information to his supervisors, as he was concerned about Hauck's fitness to be a security guard and wanted to make sure that his supervisors were aware of Hauck's previous conduct. (*Id.*, ¶¶ 20-22). According to Plaintiff, his supervisors did nothing to address the situation with Hauck, but instead reprimanded Plaintiff for informing his supervisors during a meeting on February 11, 2019. (*Id.*, ¶¶ 23-26).[3] Plaintiff was suspended from his employment on February 13, 2019, and then terminated on or about May 7, 2019. (*Id.*, ¶¶ 27-28).[4]

On or about July 31, 2019, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR"), wherein he alleged that Defendant discriminated against him on the basis of race, and in retaliation for complaining about a potentially dangerous co-worker. (Compl, ¶ 10). The MCHR issued its Notice of Right to Sue on or about March 2, 2020 (*Id.*, ¶ 11), and Plaintiff filed the instant Complaint in the Circuit Court of St. Louis County, Missouri, on May 29, 2020. (ECF No. 6). Defendant removed Plaintiff's Complaint to this Court on July 6, 2020, on the basis of diversity jurisdiction. (ECF No. 1).

In his Complaint, Plaintiff asserts violations of the Missouri Human Rights Act (Count I), and Missouri Revised Statutes Section 285.575 (Count II). Plaintiff further lodges a constitutional challenge to the application of Senate Bill 43, and provisions therein (Count III). As noted above, Defendant filed the instant Partial Motion to Dismiss on July 13, 2020, seeking dismissal of Counts II and III of Plaintiff's Complaint. (ECF No. 9).

## STANDARD FOR MOTION TO DISMISS

---

[3] According to Defendant, the purpose of the February 11, 2019, meeting was to address Plaintiff's unacceptable job performance. (*See* Defendant's Answer, ¶ 24).
[4] Again, Defendant claims Plaintiff's suspension and termination resulted from his poor job performance, not his reporting about Hauck. (*See* Defendant's Answer, ¶¶ 27-28).

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## DISCUSSION

**I.    Count II**

In Count II of his Complaint, Plaintiff alleges in relevant part as follows:

38.    Plaintiff reported to his supervisors the serious misconduct of Hauck and his employer's hiring and continued employment of this individual.

39.    Hauck's conduct of shooting at a moving vehicle was unjustified force and use of a weapon, under both the U.S. Constitution and supporting case law, and the Missouri Constitution.

40.    Shortly after reporting Hauck's conduct, Plaintiff was treated worse, suspended, and terminated.

41.    Plaintiff's reporting of wrongdoing and violations of law were a contributing and/or motivating factor in Defendants' decision to discharge him.

    42.    Plaintiff was damaged as a result of Defendants' actions.

    43.    It is the public policy of Missouri to discourage individuals from using unjustified force.

(Compl., ¶¶ 38-43). Plaintiff claims that Defendant's actions violated Mo. Rev. Stat. § 285.575, known as the "Whistleblower's Protection Act." (*Id.*, ¶¶ 37, 44).

The Whistleblower's Protection Act makes it unlawful "for an employer to discharge an individual defined as a protected person in this section because of that person's status as a protected person." *See* Mo.Rev.Stat. § 285.575.4. "Protected person" in turn is defined in relevant part as follows: "[A]n employee of an employer who reports to his or her employer serious misconduct of the employer that violates a clear mandate of public policy as articulated in a constitutional provision, statute, or regulation promulgated under statute." *See* Mo. Rev. Stat. § 285.575.2(4). *See also Scott v. Missouri Valley Physicians*, No. 4:03CV1135 DW, 2005 WL 2994298, at *3 (W.D. Mo. Nov. 7, 2005) (noting a narrow public policy exception to the employee-at-will doctrine exists, allowing an at-will employee to maintain a wrongful discharge claim for, *inter alia*, a discharge based on an employee's act of reporting violations of law or public policy to superiors).

As the Court construes Plaintiff's Complaint, he alleges two distinct claims of whistleblowing activity. First, Plaintiff claims that he reported to his supervisors the serious misconduct of fellow security officer Hauck, *i.e.*, Hauck's alleged shooting at a fleeing car with an eleven month old child inside. (*See* Compl., ¶¶ 17-19, 38-39). In its Motion to Dismiss, Defendant asserts this portion of Plaintiff's claim must be dismissed, because he fails to qualify as a "protected person" under Mo.Rev.Stat. § 285.575.2 with respect to this alleged reporting activity. Defendant notes that under the terms of § 285.575.2, the "serious misconduct" must relate specifically to conduct of the "employer", G4S, or of an employee while employed by

G4S.  (*See* Memorandum in Support of Defendant G4S's Partial Motion to Dismiss Plaintiff's Petition ("Defendant's Memo in Support"), P. 5).  Defendant thus maintains that Hauck's alleged conduct while employed by another entity, the Jennings Police Department, is irrelevant for purposes of Plaintiff's whistleblower claim.[5]  Upon consideration the Court agrees, and holds that Plaintiff's alleged reporting regarding Hauck's conduct while employed elsewhere does not constitute protected activity for purposes of the statute.

Plaintiff further claims that he questioned his employer's hiring and continued employment of an allegedly unfit individual.  (*See* Compl., ¶ 38).  Defendant asserts that with this claim, Plaintiff fails to allege any "serious misconduct" on its part.  (*See* Defendant's Memo in Support, P. 6).  Upon review, however, the Court finds that Defendant relies on matters outside the pleadings to support its claim. Specifically, Defendant relies on the fact that ten years allegedly passed between the incident with the Jennings Police Department and Hauck's employment with Defendant.[6]  The Court therefore will deny this portion of Defendant's motion without prejudice, and permit discovery on the issue of whether G4S's hiring and continued employment of Hauck violated a clear mandate of public policy.[7]

## II.     Count III

In Count III of his Complaint, Plaintiff lodges a constitutional challenge to the application of Senate Bill 43 and provisions thereof.   (Compl., ¶¶ 45-50).  G4S moves to dismiss Plaintiff's claim on the bases of lack of standing and failure to state a claim. (Defendant's Memo in Support, PP. 7-9).  Upon consideration, the Court finds Plaintiff's

---

[5] G4S contends that in order to warrant whistleblower protection, Plaintiff would have had to have been employed by the Jennings Police Department, and to have reported Hauck's alleged misconduct to said department.  (*See* Defendant's Memo in Support, P. 5).

[6] Defendant further denies that Plaintiff reported the information regarding Hauck to G4S in the first instance.  (*See* Defendant's Memo in Support, P. 2).

[7] Defendant remains free to renew its argument on summary judgment.

allegations sufficient to survive Defendant's Motion to Dismiss, and thus declines G4S's request to dismiss Count III at this juncture.[8]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant G4S Secure Solutions (USA), Inc.'s Partial Motion to Dismiss Plaintiff's Complaint (ECF No. 9) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.

Dated this   4th   Day of September, 2020.

\s\ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[8] As with its claims in relation to Count II, G4S remains free to renew its assertions regarding Count III on summary judgment.